FILED

**NOT FOR PUBLICATION**

MAR 06 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERLYN ROSCHEWSKI, | No. 10-56110 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00341-VAP-OP |
| v. | |
| RAYTHEON COMPANY, Erroneously Sued As Ratheon Company, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Verlyn Roschewski appeals pro se from the district court's summary

judgment in his action alleging that defendant Raytheon Company improperly

required him to pay medical insurance premiums, in violation of a contract with his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

former employer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1329 (9th Cir. 1996) (per curiam). We affirm.

The district court properly concluded that the operative complaint stated a violation under the Employee Retirement Income Security Act of 1974 ("ERISA") and that Roschewski's breach-of-contract claim was preempted by ERISA. *See* 29 U.S.C. § 1144(a) (ERISA generally supersedes state laws insofar as they relate to any employee benefit plan); *DeVoll v. Burdick Painting, Inc.*, 35 F.3d 408, 412 (9th Cir. 1994) ("'The Ninth Circuit has held that ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit, and breach of contract.'" (citation omitted)).

The district court properly granted summary judgment because Roschewski failed to raise a genuine dispute of material fact as to whether an "ERISA-governed benefit plan document" established his and his spouse's right to premium-free medical care until age 65. *Pisciotta*, 91 F.3d at 1329 ("[A]ny retiree's right to lifetime medical benefits at a particular cost can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document."); *see also Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154,

10-56110

1160 (9th Cir. 2001) ("[A]n employee's rights under an ERISA welfare benefit plan do not vest unless and until the employer says they do.").

The district court did not abuse its discretion in denying Roschewski's motion for reconsideration because Roschewski did not identify any new evidence, change in law, clear error, or manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (reviewing for an abuse of discretion and setting forth requirements for reconsideration).

Roschewski's remaining contentions are unpersuasive.

**AFFIRMED.**